**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **RONALD J. CHILTON and DAVID L. GLAZIER,** | **REPORT AND RECOMMENDATION** |
| **Plaintiffs,** | **Case No. 2:10-cv-699-DB-PMW** |
| **v.** | |
| **ALLEN K. YOUNG, et al.,** | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are multiple pending motions.  The court has carefully reviewed the written memoranda submitted by the parties on those motions. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

At the outset, the court notes that Ronald J. Chilton and David L. Glazier (collectively, "Plaintiffs") are proceeding pro se in this case.  Consequently, the court will construe their pleadings and other submissions liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 24.

**BACKGROUND**

Plaintiffs were originally part of a large group of steelworkers who filed multiple lawsuits against their employer. In these lawsuits, Plaintiffs were represented by certain of the named defendants in this case. Two of those cases went to trial and resulted in favorable rulings. Then, armed with these favorable rulings, the named defendants in this case who represented Plaintiffs negotiated a comprehensive settlement resulting in the payment of $47 million to the steelworkers ("USX Settlement").

On November 5, 2002, Plaintiffs, together with others, filed a legal malpractice action against the named defendants in this case who represented them in the USX Settlement ("State Court Case") before Judge Pat Brian ("Judge Brian"). At least initially, Plaintiffs were represented by Evan Schmutz ("Schmutz").

In November 2004, Plaintiffs, together with others, filed their third amended complaint in the State Court Case against the attorneys who represented them in the USX Settlement. In this third amended complaint, Plaintiffs asserted the following causes of action: (1) "Fraudulent Misrepresentation, " (2) "Legal Malpractice - Breach of Contract," (3) "Legal Malpractice - Breach of Fiduciary Duty," (4) "Legal Malpractice - Negligence," (5) "Accounting," and (6) "Breach of Trust/Breach of Fiduciary Duty."

All of the claims in the State Court Case were dismissed with prejudice in three summary judgment orders entered in 2005, 2006, and 2008. Plaintiffs appealed the dismissal of their claims, and the Utah Court of Appeals affirmed the trial court's dismissal. The Utah Supreme Court denied certiorari. In the course of their appeal, Plaintiffs were warned in a letter by the

Utah Court of Appeals that under Utah law they could not represent the interests of any party other than themselves because they were not lawyers.

In August 2010, Plaintiffs, acting pro se, filed the present action, purporting to represent as a "class action" the same group of Plaintiffs originally named in the State Court Case and whose claims were dismissed with prejudice. Plaintiffs have named as defendants (1) Allen K. Young; Gerry L. Spence; the law firm of Spence, Moriarty & Schuster; Richard D. Burbidge ("Burbidge"); Jonah Orlofsky; and the law firm of Orlofsky, Plotkin & Jacobs (collectively, "Attorney Defendants"); (2) Judge Stephen L. Roth ("Judge Roth"); (3) Schmutz; and (4) Judge Brian.

On January 20, 2011, Plaintiffs filed their first amended complaint in this case. Plaintiffs' first amended complaint sets forth seven causes of action (without differentiating which of the named defendants are sued under each cause of action): (1) "Fraudulent Misrepresentations" about representations that were purportedly made at a June 28, 1995 meeting; (2) "Legal Malpractice" in connection with the USX Settlement; (3) "Accounting" for $47 million of the settlement proceeds from the USX Settlement; (4) "Breach of Trust/Breach of Fiduciary Duty" in connection with the USX Settlement; (5) "Fraud Upon the Court," complaining that arguments made by Burbidge in the State Court Case were "conjured," "falsified," and "misrepresented"; (6) "Collusion," alleging that the Attorney Defendants, Schmutz, Judge Roth, and Judge Brian colluded in the dismissal of Plaintiffs' claims in the State Court Case; and (7) "Denial of Due Process," claiming that Plaintiffs were denied due process due to the named defendants' "fraud" and Judge Brian and Judge Roth's "collusion with such

fraud." Again, Plaintiffs allege that their claims are being pursued on behalf of themselves and a

larger class.

## LEGAL STANDARDS

One motion before the court seeks dismissal of Plaintiff's complaint under rule 12(b)(1)

of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1).

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint. In reviewing a facial attack on the
> complaint, a district court must accept the allegations in the
> complaint as true.
>
> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter
> jurisdiction depends. When reviewing a factual attack on subject
> matter jurisdiction, a district court may not presume the
> truthfulness of the complaint's factual allegations. A court has
> wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a [motion
> under rule 56 of the Federal Rules of Civil Procedure].

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted).

Several of the motions before the court also seek dismissal of Plaintiff's complaint under

rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6). In

considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as

true and view[s] them in the light most favorable to the plaintiff." *Jordan-Arapahoe, LLP v. Bd.

of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

### I. Attorney Defendants' Motion to Dismiss

The Attorney Defendants move the court to dismiss Plaintiffs' first amended complaint pursuant to both rule 12(b)(1) and rule 12(b)(6).

### A. Rule 12(b)(1)

The Attorney Defendants argue that Plaintiffs' complaint should be dismissed for lack of subject-matter jurisdiction under rule 12(b)(1). Pursuant to rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff must state plainly the grounds for this court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Paragraph 13 of the first amended complaint contains the only allegations for jurisdiction and states as follows:

> Jurisdiction and venue is proper in this Court under 28 U.S.C. 1331 and 28 U.S.C. 1332 as per Rule 8 of F.R.C.P., Section 510 of ERISA, 29 U.S.C. §1140 (1988), Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3) (1985), Section 402(h) of ERISA. [sic], 29 U.S.C. §1045(h) (Supp. 1995), Section 204(h) of ERISA, 11 U.S.C.A. §1140 (1985).[2]

---

[2] Docket no. 3.

Although Plaintiffs cite the diversity of citizenship statute, there is no diversity of citizenship in this case. Plaintiffs and most of the named Defendants are Utah citizens. As such, there is no diversity of citizenship. 28 U.S.C. § 1332(a).

In addition, Plaintiffs have failed to establish federal question jurisdiction under 28 U.S.C. § 1331. None of Plaintiffs' claims arise under the United States Constitution or other laws of the United States. Furthermore, the spurious nature of Plaintiffs' citations to various "ERISA" statutes fails for two reasons. First, none of Plaintiffs' claims are for a civil action under the Employee Retirement Income Security Program ("ERISA"). Instead, all of Plaintiffs' claims pertain to (1) their legal representation by some of the named defendants and (2) the prior litigation of Plaintiffs' malpractice claims. These claims do not constitute ERISA claims. Second, many of Plaintiffs' citations are to statutes that do not appear to exist.

Because Plaintiffs have failed to adequately state grounds for subject-matter jurisdiction under rule 8(a)(1), and because there are no appropriate grounds for subject-matter jurisdiction, Plaintiffs' first amended complaint should be dismissed pursuant to rule 12(b)(1).

### B. Rule 12(b)(6)

The Attorney Defendants also argue that even if Plaintiffs' claims were not barred on jurisdictional grounds, they fail to state a claim upon which relief can be granted and should be dismissed pursuant to rule 12(b)(6).

### 1. Res Judicata

The Attorney Defendants contend that claims 1 through 4 are barred by the doctrine of res judicata. The United States Supreme Court declared that, under the Constitution's Full Faith and

6

Credit Clause, "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). As the judgment in this case was issued in the State of Utah, Utah law on res judicata applies.

The Utah Supreme Court stated that it has "used the general term 'res judicata' as an umbrella to refer to two distinct branches of the doctrine: claim preclusion and issue preclusion." *Culbertson v. Bd. of County Comm'rs of Salt Lake County*, 44 P.3d 642, 648 (Utah 2001). Claim preclusion "precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action." *Schaer v. State By and Through Utah Dept. of Transp.*, 657 P.2d 1337, 1340 (Utah 1983) (quotations and citations omitted). Three elements must be met under Utah law for claim preclusion to apply.

> For claim preclusion to bar a claim in a subsequent action, (1) the subsequent action must involve the same parties, their privies, or their assigns as the first action, (2) the claim to be barred must have been brought or have been available in the first action, and (3) the first action must have produced a final judgment on the merits of the claim.

*Culbertson*, 44 P.3d at 648.

In this case, all three elements of claim preclusion are satisfied. First, both this case and the State Court Case involve Plaintiffs and the Attorney Defendants. Second, a comparison of the Third Amended Complaint in the State Court Case and the first amended complaint in this case shows that Plaintiffs' first four causes of action in the first amended complaint were presented in the State Court Case. Further, it appears that any additional claims in this case could

have been brought in the State Court Case.  Third, the dismissal with prejudice of such claims in three summary judgment orders entered in 2005, 2006, and 2008 in the State Court Case is a final judgment on the merits of the claims.  In addition, Plaintiffs appealed the trial court's grant of summary judgment, and the judgment was affirmed.

Because Plaintiffs' claims 1 through 4 are barred by the doctrine of res judicata, they fail to state a claim upon which relief can be granted and should be dismissed pursuant to rule 12(b)(6).

## 2. Judicial Proceeding Privilege

The Attorney Defendants assert that claims 5 through 7 are barred by the judicial proceeding privilege.  In those claims, Plaintiffs allege that Burbidge, on behalf of certain of the named defendants in this case, over the course of the State Court Case "falsified by omission," "fabricated arguments," "confound[ed] . . . words," "falsified arguments," and "misrepresented case law."[3]  Plaintiffs go on to allege Judge Brian and Judge Roth acted improperly by accepting Burbidge's arguments and that the those two judges and Schmutz are somehow liable for colluding with Burbidge's arguments.

However, under Utah law, the judicial proceeding privilege protects judges, jurors, witnesses, litigants, and counsel from liability attendant to statements made in the course of a judicial proceeding.  In *DeBry v. Godbe*, 992 P.2d 979 (Utah 1999), the Utah Supreme Court explained the parameters of the judicial proceeding privilege.  Specifically, the *DeBry* court

_____

[3] *Id*.

iterated the standards that establish a judicial proceeding privilege as follows: "To establish the judicial proceeding privilege, the statements must be (1) made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceeding; and (3) be made by someone acting in the capacity as judge, juror, witness, litigant, or counsel." *Id*. at 983 (quotations and citations omitted). If the judicial proceeding privilege applies, it "extends not only to defamation claims, but to *all claims* arising from the same statements." *Id*. at 986 (quotations and citations omitted).

On the face of the complaint, Burbidge's statements, made as counsel in the State Court Case, satisfy the three standards for the judicial proceeding privilege. As such, under Utah law, claims 5 through 7 in Plaintiffs' first amended complaint are barred by the judicial proceeding privilege. Because those claims fail as a matter of law, they should be dismissed pursuant to rule 12(b)(6).

### C. Motion to Dismiss Proposed Second Amended Complaint

The Attorney Defendants have also filed a motion to dismiss Plaintiffs' proposed second amended complaint. The court will conclude below that Plaintiffs' motion to amend their complaint should be denied. Accordingly, the Attorney Defendants' motion to dismiss Plaintiffs' proposed second amended complaint should be deemed moot.

### II. Judge Roth's Motion to Dismiss

Judge Roth argues that Plaintiffs' claims against him should be dismissed under rule 12(b)(6) because (A) he has absolute judicial immunity and (B) he is entitled to Eleventh Amendment immunity.

## A. Judicial Immunity

Judge Roth first argues that he is absolutely immune from suit under the doctrine of judicial immunity. Judges are absolutely immune from suit for acts undertaken in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *see also Snell v. Tunnell*, 920 F.2d 673, 686-87 (10th Cir. 1990). The judicial immunity question turns on whether the act complained of was an integral part of the judicial process. A judge's act is an integral part of the judicial process if the act involved a function normally performed by a judge and if the parties were dealing with the judge in his or her judicial capacity. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Furthermore, judges "are absolutely immune even when their action[s are] erroneous, malicious, or in excess of their judicial authority." *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). Even if it is alleged that the judge acted maliciously or corruptly, the judge retains absolute immunity. *See Stump*, 435 U.S. at 356-57.

Because Plaintiffs assert that Judge Roth colluded with defendants and showed bias by ruling against them, Judge Roth is absolutely immune from suit. As a judge of a court of general jurisdiction, Judge Roth had jurisdiction to hear the issues pending before him as part of the State Court Case. Plaintiffs obviously disagree with several of Judge Roth's rulings, but Plaintiffs' only proper avenue to challenge Judge Roth's rulings was to seek mandamus or to appeal within the state court system. This suit for damages against Judge Roth is barred by well-settled law and should be dismissed with prejudice.

## B.  Eleventh Amendment Immunity

Judge Roth also argues that Plaintiffs' claims against him in his official capacity are barred by the Eleventh Amendment, which precludes suits against non-consenting states whether brought by their own citizens or by citizens of other states.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  State officers sued for damages in their official capacities assume the identity of the government that employs them and are entitled to the state's Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  In order for anyone other than the federal government or another state to sue a state, the defendant state must either waive immunity or Congress must specifically abrogate Eleventh Amendment immunity.  *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir. 2002).

In this case, the State of Utah has not waived its Eleventh Amendment immunity or in any other way consented to suit.  *See Richins v. Indus. Constr., Inc.*, 502 F.2d 1051, 1056 (10th Cir. 1974) (holding that Utah Governmental Immunity Act did not constitute waiver of Eleventh Amendment immunity).  Further, there is no indication that Congress has abrogated the State of Utah's Eleventh Amendment immunity here.  Therefore, all official capacity claims against Judge Roth should be dismissed.

## III.  Schmutz's Motion to Dismiss

Schmutz argues that all of Plaintiffs' claims against him should be dismissed pursuant to rule 12(b)(6).  First, Schmutz asserts that claims 1 through 4 of the first amended complaint should be dismissed because they do not identify Schmutz in any of the allegations contained therein and do not allege any facts or circumstances that could be interpreted as involving

Schmutz. Plaintiffs have conceded that the first four causes of action in the first amended complaint are not directed at Schmutz and can be dismissed as against Schmutz. Therefore, claims 1 through 4 against Schmutz the first amended complaint should be dismissed with prejudice.

Second, Schmutz contends that claim 5 against him should be dismissed. Schmutz has established that claim 5 contains 165 paragraphs of allegations. None of those paragraphs identifies or mentions Schmutz. Not one sentence is devoted to alleging how Schmutz committed or participated in the commission of a fraud on the court. It appears from the argument submitted by Plaintiffs in opposition to Schumtz's motion to dismiss that Plaintiffs primary concern with Schmutz is that he failed to take action to become aware of the alleged fraud on the court, to aggressively fight the judge and opposing counsel to challenge the fraud and bring it to light, and to preserve the issue for appeal. Those arguments cannot support a claim against Schmutz for committing a fraud on the court. Because Plaintiffs have failed to state a claim under claim 5 against Schmutz, that claim against Schmutz should be dismissed with prejudice.

Third, Schmutz argues that claim 6 should be dismissed. Plaintiffs have entirely failed to respond to Schmutz's argument that the so-called "collusion" claim must be dismissed on legal grounds for failure to plead allegations of fraud against Schmutz. As noted by Schmutz, it does not appear that Utah recognizes an independent cause of action for "collusion." While courts recognize that multiple defendants may be active participants in the same fraud and thus be liable for colluding together in the fraudulent conduct, a party alleging such fraud must plead with

particularity the elements of fraud as against each defendant. Plaintiffs' claim for collusion is grounded in fraud and relies on the allegations of fraud set forth in claim 5 for fraud on the court. Indeed, Plaintiffs have confirmed that their collusion claim is grounded in fraud. Above, the court concluded that claim 5 against Schmutz should be dismissed because Plaintiffs have failed to make even a single allegation of fraud against Schmutz. Because claim 6 against Schmutz for collusion is premised on the success of claim 5, Plaintiffs' collusion claim must fail. Accordingly, claim 6 against Schmutz should be dismissed with prejudice.

Finally, Schmutz argues that claim 7 should be dismissed. Claim 7, which asserts a denial of due process, does not make any mention of Schmutz and it appears from the allegations contained therein that Plaintiffs intended to direct the claim at those named defendants who are alleged to have perpetrated a fraud on the court. As noted above, Plaintiffs have not asserted any allegation that Schmutz engaged in fraudulent conduct. At best, Plaintiffs have accused Schmutz of failing to ascertain the fraud allegedly committed by Burbidge, Judge Brian, and Judge Roth; failing to grasp the extent and magnitude of the fraud; and failing to take aggressive action to attack the judges by filing various objections and motions seeking sanctions, recusal, etc. Even if those allegations are viewed liberally, they cannot be construed support a claim that Schmutz violated Plaintiffs' constitutional rights by denying them due process. Accordingly, claim 7 against Schmutz should be dismissed with prejudice.

## IV.  Judge Brian

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As of the date of this order, more than eight months have passed since the filing of Plaintiff's first amended complaint, and Plaintiff has not provided the court with the requisite proof of service to demonstrate that the summons and complaint have been served on Judge Brian.  *See* Fed. R. Civ. P. 4(*l*).  Under those circumstances, the court concludes that Plaintiffs' claims against Judge Brian should be dismissed.[4]  *See* Fed. R. Civ. P. 4(m).  This Report and Recommendation shall serve as the notice to Plaintiffs required by rule 4(m).  *See id*.

## V.  Attorney Defendants' Motion for Sanctions

The Attorney Defendants have moved the court for monetary sanctions against Plaintiffs under rule 11 of the Federal Rules of Civil Procedure.  The court is not persuaded that sanctions are necessary or appropriate under the circumstances, particularly given Plaintiffs' pro se status.  Accordingly, the Attorney Defendants' motion for sanctions should be denied.

---

[4]  The court notes that Judge Brian was deceased at the time this case was filed, making personal service upon him impossible.

## VI.  Plaintiffs' Motions

### A.  Motions to Strike

Plaintiffs, in response to the great majority of the written submissions filed by the named defendants in this case, have filed motions "to strike" and "to deny" those submissions.  The court has reviewed those motions and determined that Plaintiffs have failed to demonstrate any basis for "striking" or "denying" the written submissions.  Accordingly, Plaintiffs' motions[5] should be denied.  Although the court concludes that those motions should be denied, the court notes that it considered Plaintiffs' motions, to the extent necessary, as written memoranda on any of the relevant motions.

### B.  Motion for Enlargement of Time

In this motion, Plaintiffs seek an enlargement of time in which to file a motion for leave to amend their complaint and to respond to certain of the named defendants' motions.  Because Plaintiffs have now already filed their motion for leave to amend and responded to the relevant motions, their motion for an enlargement of time should be deemed moot.

### C.  Motions Concerning Proposed Amended Complaint

Plaintiffs have filed two motions for leave to amend their complaint.  Plaintiffs' motions for leave to amend are governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id*.; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[5] *See* docket nos. 21, 33, 34, 48, 51, 54, 64, 72, 80.

However, even under this liberal standard, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

While Plaintiffs have provided additional allegations in their proposed amended complaint, those additional allegations do not have any effect on the court's conclusions on the above-referenced motions to dismiss. Therefore, even if the court were to allow Plaintiffs to amend their complaint to include those additional allegations, it would still be subject to dismissal and, consequently, providing Plaintiffs with leave to amend would be futile. *See id*. Accordingly, Plaintiffs' motions for leave to amend their complaint should be denied.

Plaintiffs also filed a motion to strike and supplement a portion of one of their motions to for leave to amend. Even if the court were to allow Plaintiffs to make their requested change, that would not alter the court's conclusion that Plaintiffs' motions for leave to amend should be denied. Accordingly, that motion should also be denied.

### D.  Motion for Order to Deem Material Facts as Undisputed

In this motion, Plaintiffs seek an order from the court that certain material facts in support of their complaint are deemed as being undisputed. Plaintiffs' arguments in no way establish that the named defendants have admitted to facts in any of Plaintiffs' various complaints. Accordingly, this motion should be denied.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED:**

1.     The Attorney Defendants' motions to dismiss[6] Plaintiffs' first amended complaint

       be **GRANTED**.

2.     The Attorney Defendants' motion to dismiss Plaintiffs' proposed second amended

       complaint[7] be deemed **MOOT**.

3.     Judge Roth's motion to dismiss[8] be **GRANTED**.

4.     Schmutz's motion to dismiss[9] be **GRANTED**.

5.     The Attorney Defendants motion for sanctions[10] be **DENIED**.

6.     Plaintiffs' motions "to strike" and "to deny"[11] be **DENIED**.

7.     Plaintiffs' motion for enlargement of time[12] be deemed **MOOT**.

8.     Plaintiffs' motions for leave to file a second amended complaint[13] be **DENIED**.

---

[6]   *See* docket nos. 27, 43.

[7]   *See* docket no. 61.

[8]   *See* docket no. 15.

[9]   *See* docket no. 12.

[10]   *See* docket no. 30.

[11]   *See* docket nos. 21, 33, 34, 48, 51, 54, 64, 72, 80.

[12]   *See* docket no. 17.

[13]   *See* docket nos. 45, 68.

9.    Plaintiffs' motion to strike and supplement a portion of one of their motions for

leave to amend[14] be **DENIED**.

10.   Plaintiffs' motion for an order to deem material facts as undisputed[15] be

**DENIED**.

11.   The Clerk of the Court enter judgment against Plaintiffs and close this case.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties

must file any objection to this Report and Recommendation within fourteen (14) days after

receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute

waiver of objections upon subsequent review.

DATED this 3rd day of October, 2011.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

---

[14]  *See* docket no. 66.

[15]  *See* docket no. 78.

18